UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24365-KMM/LOUIS

HEMINGWAY VILLA CONDOMINIUM
OWNERS ASSOCIATION, INC.,

        Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY ,

        Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Deposition of Underwriting Corporate Representative (ECF No. 19). This Motion was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, Chief United States District Judge of the Southern District of Florida (ECF No. 4). A hearing was held on the Motion on February 3, 2021. This Order memorializes but does not modify the rulings made in open court.

Plaintiff's Motion asks the Court to compel the deposition of a corporate representative of Defendant who has knowledge of the underwriting file related to Plaintiff's property (an "Underwriting Corporate Representative") (ECF No. 19). Plaintiff contends it seeks deposition of an Underwriting Corporate Representative based on Defendant's Fifth Affirmative Defense, which attributes the damages claimed by Plaintiff to wear-and-tear and deficient maintenance, as opposed to damage from the hurricane event claimed (*id*. at ¶¶ 5-6). Defendant responded to the Motion

1

disputing the relevance of the sought-after deposition (ECF No 21).

The Court finds that Plaintiff's Motion to Compel is premature; Plaintiff has not yet noticed the deposition of an Underwriting Corporate Representative and, critically, without serving Defendant with a notice of topics on which Plaintiff seeks to depose the corporation, Plaintiff deprives the Court and the Defendant of meaningful opportunity to assess the relevance of the information sought. While the Parties may have conferred with one understanding of the scope of the anticipated deposition, it became clear at the hearing that Defendant conceded the relevance of some information sought by Plaintiff. This only serves to highlight the necessity for Plaintiff to follow the procedure required under Fed. R. Civ. Pro. 30(b)(6).

As alluded to above, Defendant acknowledged at the hearing that an inspection was conducted prior to issuance of the insurance coverage and the ensuing report memorializing the inspection's findings may be relevant to its defenses. Defendant represented that the full extent of relevant information regarding Defendant's knowledge of the condition of Plaintiff's property before the hurricane is disclosed in that Report, and it resists any deposition of a corporate representative on the topic. Again, to the extent Defendant's argument previews its intention to seek a protective order for such a deposition, this too is premature, as no deposition has been noticed and none will be compelled, at least not yet.

For the forgoing reasons, Plaintiff's Motion to Compel Deposition of Underwriting Corporate Representative (ECF No. 19) is **DENIED** to the extent the relief it seeks is a deposition Plaintiff has not noticed pursuant to Fed. R. Civ. Pro. 30(b)(6) and to which Defendant has yet to serve objections. Plaintiff's Motion is **GRANTED** in limited part to compel Defendant's production of the August 2017 Inspection Report within fourteen (14) days.

Pursuant to Fed. R. Civ. Pro. 37(a)(5), no fees have been shifted on this Motion. I find that

Defendant's objections were substantially justified and that an award would be unjust.

**DONE AND ORDERED** in Miami, Florida this 5th day of February, 2021.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE