# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24365-KMM/LOUIS

HEMINGWAY VILLA CONDOMINIUM
OWNERS ASSOCIATION, INC.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Overrule Objections and for an *In Camera* Inspection of Documents claimed as Work Product Privilege by Defendant (ECF No. 27). Having reviewed the Motion, Defendant's Response (ECF No. 31) and being otherwise duly advised on the matter, the Court hereby **DENIES** the Motion as follows.

### I.    BACKGROUND

This is an action for breach of contract stemming from an insurance policy issued by Defendant to Plaintiff, who submitted a claim for damages sustained as a result of Hurricane Irma—a claim on which Defendant has yet to issue a final decision. In response to Plaintiff's First Request for Production, Defendant served privilege log asserting work product protection over 54 responsive documents (ECF No. 27-1). Plaintiff also propounded three notices of serving subpoena duces tecum directed at Field Adjuster Eugenio Miguel, Engineer Mark Densmore, and Engineer Jonathan Milton. Defendant likewise objected to these notices claiming, in part, that the documents sought are protected by the work product privilege (ECF No. 27-3).

1

Plaintiff moves to overrule these objections, claiming that documents prepared prior to an insurer's final decision are presumed to not be work product, and Defendant has not provided any proof that it reasonably anticipated litigation when the claim was first filed.[1] In Response, Defendant explains that it had a heightened and reasonable anticipation of litigation at the time the claim was first made because (1) Plaintiff's alleged loss reportedly occurred approximately one month after Defendant's coverage inception for the Insured property; (2) Plaintiff's alleged loss was not reported until more than one year after cancellation of coverage for the subject property; (3) Plaintiff's loss was not reported until more than 20 months after the alleged actual date of loss in contravention of the subject policy's "prompt notice" provision; and (4) Plaintiff's loss was reported to Defendant by Plaintiff's Attorney, Baldy Martinez (ECF No. 31). This averment is supported by an affidavit by Defendant's authorized representative (ECF No. 31-1). No reply was filed by Plaintiff.

## II.     ANALYSIS

Federal Rule of Civil procedure 26(b)(3) limits the discovery of documents prepared in anticipation of litigation. *1550 Brickell Assocs. v. Q.B.E. Ins. Co.*, 253 F.R.D. 697, 698 (S.D. Fla. 2008). It does not, however, protect documents prepared in the ordinary course of business. *Id.* "Applying the work product doctrine in the context of an insurance claim file, which is essentially a file of investigative documents created to arrive at a claim decision, is somewhat 'complex' because 'it is in the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation.' *Noah's Wholesale, LLC v. Covington Specialty Ins.* Co., No. 19-

---

[1] The Court notes that Plaintiff's Motion was filed more than two months after Defendant served its objections. This is a violation of Local Rule 26.1(g), which requires all discovery disputes to be presented to the Court within 30 days from(a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. This violation alone may be grounds to deny the Motion.

24845-CIV, 2020 WL 1235612, at *2 (S.D. Fla. Mar. 13, 2020) (citing *Milinazzo v. State Farms Ins. Co.*, 247 F.R.D. 691, 701 (S.D. Fla. 2007)).

Thus, courts have adopted a rebuttal presumption that documents prepared before an insurer's final decision on a claim are not protected by the Work-Product Doctrine, but documents prepared after a final claim decision are. *See Milinazzo*, 247 F.R.D. at 701; *1550 Brickell Assocs.*, 253 F.R.D. at 698; *Noah's Wholesale, LLC*, 2020 WL 1235612, at *2. The rebuttal presumption that documents prepared before the final claim decision are not protected may be overcome "by specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 695, 698 (S.D. Fla. 2010) (citation omitted). This is done by proving the connection to possible litigation concretely enough to assure a court that it is not simply trying to immunize from discovery its routine claims processing material. *Id.* Attempting to overcome this burden through mere conclusory or *ipse dixit* assertions is not sufficient to demonstrate that the privilege applies. *See Commercial Long Trading Corp.*, 12-22787-CIV, 2012 WL 6850675, at *5-6. Rather, the party claiming a privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit. *Id.* at *6.

Defendant submitted an affidavit proffering that the claim files were prepared in anticipation of litigation and that this anticipation was reasonable based on various circumstances surrounding the claim (ECF No. 31-1). First, Defendant avers through its Response and attached affidavit that on May 15, 2019, Defendant was first notified of a loss sustained to the insured's property on September 20, 2017 (*id*. at ¶10). This loss occurred approximately a month following Defendant's coverage inception, and was not reported until 387 days after the coverage for the subject property was cancelled, and 612 days after the date of the alleged loss, which violates the

insurance policy requirement that Defendant be given "prompt notice" of any loss or damage (*id*. at ¶¶ 13-15). While these factors may have led Defendant to believe the claim would ultimately be denied, courts have previously found that a basis for a claim denial does not, alone, equate to basis for reasonably anticipating litigation. *See Noah's Wholesale, LLC*, 2020 WL 1235612, at *3 (disagreeing that the insurer reasonably anticipated litigation once it learned that an alarm was not activated at the time of the loss, as required under the insurance policy, based on the proffer that when they learned of the alarm is when insurer first knew there would be no coverage under the policy).

However, Defendant additionally offers evidence that it reasonably anticipated litigation as soon as the claim was made because the Plaintiff had retained an attorney to submit the claim. Plaintiff's attorney both submitted the claim and discussed the claim with a representative of Defendant days after the claim was made (ECF No. 31-1 at ¶¶ 11, 18). That an insured had retained counsel in relation to a claim has been found to be a reasonable basis for an insurer to anticipate litigation. In *Noah's Wholesale, LLC*, for example, the court found that "when [plaintiff] informed Covington that it retained counsel in relation to the subject claim, is the date when the work product protection should begin over the claim file." 2020 WL 1235612, at *4. The Court finds that, taken together with the other circumstances of the claim, it was reasonable for Defendant to anticipate litigation at the time the claim as made by Plaintiff's attorney, and that Defendant's affidavit is sufficient evidence to support this finding.

Lastly, Plaintiff's Motion avers that even if documents are found to be protected by the work product privilege, Plaintiff should be entitled to materials "reasonably expected or intended to be used at trial." Indeed, Federal Rule of Civil Procedure 26(a)(1) requires the disclosure of all documents a party may use to support its claims or defenses, and a party may be prohibited from

using any such information not timely disclosed pursuant to Federal Rule of Civil Procedure 37(c). Defendant acknowledges this duty and agrees that if Field Adjuster Eugenio Miguel, Engineer Mark Densmore, or Engineer Jonathan Milton are disclosed as experts expected to offer an opinion at trial, Defendant will timely produce to Plaintiff discoverable materials within its disclosed expert witness, or witnesses', files.[2] Failure to timely disclose the communications would preclude Defendant from making "affirmative use of the materials it wishes to protect from disclosure." *Ahern v. Pac. Gulf Marine, Inc*., No. 8:06-CV-2068-T-27MSS, 2007 WL 9723901, at *3 (M.D. Fla. Nov. 8, 2007) ("the 'sword and shield doctrine,' essentially prohibits a party from partially disclosing and affirmatively relying upon aspects of privileged documents to support their claim and then shielding the underlying information from scrutiny by the opposing party).

For the forgoing reasons, Plaintiff's Motion to Overrule Objections and for an *In Camera* Inspection of Documents claimed as Work Product Privilege by Defendant is **DENIED**. Defendant's work product objections are sustained, but Defendant is cautioned that it may not utilize any of those withheld documents to support its own defenses.

**DONE AND ORDERED** in Chambers this on this 22nd day of June, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff acknowledges in it more recent Motion to Overrule Objections and Continue the Depositions of Mark S. Densmore and Jonathan W. Milton and for Sanctions (ECF No. 35) that Plaintiff have since received Mr. Densmore and Mr. Milton's reports as part of Defendant's timely expert disclosures on May 20, 2021.

5