**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-24365-KMM/LOUIS

HEMINGWAY VILLA CONDOMINIUM
OWNERS ASSOCIATION, INC.,

       Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

       Defendant.
                                          /

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motions to Overrule Objections and to Continue the Depositions of Mark S. Densmore, Jonathan W. Milton, and Defendant's Corporate Representative (ECF Nos. 35; 36). Defendant responded to the Motions (ECF Nos. 44; 45), Plaintiff replied (ECF Nos. 50; 51) and a hearing was held on the matter on July 20, 2021. For the reasons stated in open court, Plaintiff's Motions are **GRANTED**.

**I.    BACKGROUND**

This is an action for breach of contract stemming from an insurance policy issued by Defendant to Plaintiff, who submitted a claim for damages sustained as a result of Hurricane Irma—a claim on which Defendant has yet to issue a final decision. In response to Plaintiff's First Request for Production, Defendant served a privilege log claiming work product privilege over 54 responsive documents (ECF No. 27-1). Defendant also objected to three notices of serving subpoena duces tecum directed at Field Adjuster Eugenio Miguel, Engineer Mark Densmore, and Engineer Jonathan Milton, claiming, in part, that the documents sought are protected by the work

1

product privilege (ECF No. 35-4). On April 22, 2021 Plaintiff filed a Motion to overrule Defendant's work product objections (ECF No. 27), which was ultimately denied by the Court (ECF No. 39).

Prior to the Court's ruling regarding work product objections, Plaintiff took the depositions of fact witnesses Mark S. Densmore, Jonathan W. Milton, and Defendant's Corporate Representative in late April and early May (ECF Nos. 35-6; 35-7; 36-5). During the depositions of Densmore and Milton, defense counsel objected to certain questions on the basis of work product; notwithstanding the objection, counsel allowed these witnesses to answer the questions to which she had objected (ECF Nos. 35-6 at 27:25-28:5, 41:10-22, 67:13-68:3; 37-7 at 40:9-41:5, 96:1-18). During the deposition of Defendant's Corporate Representative, defense counsel similarly objected to a number of questions on the assertion of work product, but at this deposition, she instructed the deponent not to answer (ECF No. 36-5 at 17:4-8, 18:10-15, 19:24-20:4, 25:10-14, 29:9-13, 33:7-12, 70:20-21:22, 78:11-18).

On May 20, 2021—after the depositions occurred—Defendant served expert opinion disclosures, identifying Milton and Densmore as experts. The disclosures for the first time provided Plaintiff with materials from the witnesses' files, which Defendant had previously asserted were protected from disclosure as work product.

On June 18, 2021, the last day of discovery, Plaintiff filed the instant Motions, seeking to overrule Defendant's objections and continue the depositions, so that Plaintiff may elicit meaningful responses to Plaintiff's questions. In Response, Defendant contends that Plaintiff was able to fully examine Milton and Dunmore, that the work product objections were proper, and that these depositions were not impeded by Defendant's objections as the deponents were not prevented from answering any of the questions (ECF No. 44). As for the deposition of the Corporate

Representative, Defendant maintains that these objections were necessary and proper to preserve work product privilege.

## II. ANALYSIS

Plaintiff's motion to continue the expert's depositions is premised on two grounds. First, Plaintiff contends that defense counsel's objections to disclosure of work product precluded discoverable testimony from the witness and now seeks an order overruling the objections. Plaintiff challenges Defendant's ability to substantiate the claim of work product protection over materials created by these two witnesses, who examined the subject property. By way of background, Plaintiff has previously challenged Defendant's assertion of work product over materials created before Defendant made a final claim determination; I denied that motion, finding that Defendant demonstrated that it reasonably anticipated litigation at the time (ECF No. 39). Plaintiff's current challenge fails for a different reason: the transcript reveals that counsel's objections did not in fact prevent the witnesses from responding to the questions as asked, and the Motion is denied on this ground.

Relatedly, however, Plaintiff also seeks to continue the depositions of these facts witnesses on the basis that after the deposition, Defendant disclosed Milton and Densmore as experts and served disclosure of their expert opinions, including new reports and photographs prepared by the witnesses, which had up to that time been withheld on the assertion of work product protection. Defendant's response argues that the Court has upheld the assertion of this privilege but fails entirely to address the complaint that after the witnesses were deposed, Defendant elected to waive the privilege[1] and produce the reports and photographs they withheld prior to their depositions. Defense counsel argued that Plaintiff had a full opportunity to question the witnesses even without

---

[1] The Court makes no finding as to whether the questions to which counsel objected on this basis were in fact work product protected.

the opportunity to review their files, but a single line of questioning examined at the hearing revealed the opposite—one of the witnesses was dependent on his photographs to answer any of counsel's questions about his finding, and counsel had no opportunity to examine the same photographs about which the witness purported to testify. Plaintiff's Motion is granted, to the extent it seeks additional time to depose the newly disclosed expert witnesses on the contents of their reports. Those depositions are to be completed within **14** days from the date of the hearing and each deposition may not exceed three hours.

Plaintiff's Motion to Compel continuation of Defendant's deposition pursuant to Fed. R. Civ. Pro 30(b)(6) is also granted. As explained at the hearing, counsel's instruction not to answer was misplaced and the grounds for asserting work product protection were not substantiated. For example, the witness was instructed not to answer Plaintiff's question seeking an explanation of Defendant's affirmative defenses. Plaintiff may continue the deposition of Defendant's Corporate Representative for up to three hours, that deposition to be completed within **14** days from the date of the hearing unless the Parties agree to a different date.

A telephonic status conference is set for **July 28, 2021 at 8:30am**, at which the Parties will be expected to confirm the dates of the follow up deposition appearances. Appearances may be made by dialing 1 (866) 434-5269, entering access code 9978869 followed by the (#) sign, and entering security code 5710 followed by the (#) sign.

**DONE AND ORDERED** the 25th day of July, 2021 at Miami, Florida.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE